UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: JASON B. CAVANAUGH and : CHAPTER 13
DEMI L. CAVANAUGH :
    Debtors:
                                                                       :

JACK N. ZAHAROPOULOS :
STANDING CHAPTER 13 TRUSTEE :
    Movant :
                                                                       :
    vs. :
                                                                       :

JASON B. CAVANAUGH and :
DEMI L. CAVANAUGH :
    Respondents : CASE NO. 1-21-bk-01678

## TRUSTEE'S OBJECTION TO AMENDED CHAPTER 13 PLAN

    AND NOW, this 21st day of December, 2021, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtors' plan for the following reason(s):

    1. Debtors' plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the debtors has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

    Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

    a. Retirement loan (verification) (Second request)

    2. Debtors' plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, the debtors have excess non-exempt equity in the following:

    a. Residential real estate. The Trustee has requested proof of the value of the debtor(s) home as stated in his/her schedules. (Second request)

    3. The Trustee avers that debtors' plan is not feasible based upon the following:

    a. Copy of Loan modification.

    4. The debtors have not demonstrated that all tax returns have been filed as required by § 1325(a)(9). (Federal FICA and FUTA tax returns – Claim #20)

WHEREFORE, Trustee alleges and avers that debtors' plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

a. Deny confirmation of debtor(s) plan.
b. Dismiss or convert debtor(s) case.
c. Provide such other relief as is equitable and just.

    Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/James K. Jones
Attorney for Trustee

CERTIFICATE OF SERVICE

AND NOW, this 21st day of December, 2021, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

E. Haley Rohrbaugh, Esquire
135 North George Street
York, PA 17401

/s/Deborah A. Behney
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee