IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
|     JASON B. CAVANAUGH and | : | |
|     DEMI L. CAVANAUGH, FKA | : | |
|     DEMI LYN RUPPERT, | : | |
|       Debtors | : | |
| | : | |
|   JACK N. ZAHAROPOULOS, | : | |
|   STANDING CHAPTER 13 TRUSTEE | : | |
|     Objectant | : | |
| | : | |
|     vs. | : | |
| | : | |
| E. HALEY ROHRBAUGH, ESQUIRE | : | CASE NO. 1:21-bk-01678-HWV |
|     Applicant | : | |

**TRUSTEE'S OBJECTION TO THIRD**
**APPLICATION OF ATTORNEY FOR CHAPTER 13 DEBTORS**
**FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

AND NOW, this 20th day of March 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, who objects, pursuant to 11 U.S.C. § 330(a)(2), to the Third Application of Attorney for Chapter 13 Debtors for Compensation and Reimbursement of Expenses filed on February 27, 2025, and states as follows:

**Facts**

1. Objectant, Jack N. Zaharopoulos, is the duly appointed Trustee in this case and, therefore, the representative of the Estate under § 323(a).

2. On July 29, 2021, Debtors filed a Petition under Chapter 13 of the Bankruptcy Code. (ECF No. 1).

3. On December 23, 2021, Applicant filed her First Application for Interim Compensation and Reimbursement of Expenses. (ECF No. 38).

4. By Order dated March 15, 2022, Applicant's First Application for Interim

1

Compensation and Reimbursement of Expenses was granted in the amount of $5,095.20. (ECF No. 54).

5. On June 19, 2024, Applicant filed her Second Application for Interim Compensation and Reimbursement of Expenses. (ECF No. 109).

6. On July 1, 2024, Objectant objected to the Second Application for Interim Compensation and Reimbursement of Expenses. (ECF No. 111).

7. After hearing on Applicant's Second Application for Interim Compensation and Reimbursement of Expenses on July 16, 2024, and Objectant's objection thereto, this Honorable Court granted Applicant's Second Application for Interim Compensation and Reimbursement of Expenses in the amount of $4,238.10. (ECF No. 114).

8. Applicant's Third Fee Application requests $2,551.88 ($2,370.00 in fees and $181.88 in expenses) in compensation and reimbursement of expenses. (ECF No. 128).

9. The District has determined that $5,000.00 is a presumptively reasonable fee ("PRF") for an attorney representing a Debtor in a Chapter 13 Bankruptcy filed in this District throughout the conclusion of the case. L.R. 2016-2 (c)

10. The Fees and Compensation in the present case total approximately $11,885.18, which includes the First and Second Fee Applications and a retainer in the amount of $513.00.

## Applicable Law

11. The PRF should be used "as a guide or 'starting point' to what should be considered a 'reasonable fee in a routine Chapter 13 case in this District." *In re Thomas*, No. 5:18-03265-MJC, 2023 WL 6885827 at *7 (Bankr. M.D. Pa. Oct. 18, 2023); *In re Badyrka*, No. 5:20-20-03618-MJC, 2022 WL 4656034 at *6 (Bankr. M.D. Pa. Sept. 30, 2022) (citation omitted).

12. Under § 330(a), the Court may award reasonable compensation for actual,

2

Case 1:21-bk-01678-HWV    Doc 130    Filed 03/20/25    Entered 03/20/25 12:20:04    Desc
Main Document    Page 2 of 8

necessary services rendered by the attorney and paraprofessionals employed by the attorney, the reasonableness to be based on (i) the nature of the services, (ii) the extent of the services, (iii) the value of the services, (iv) the time spent on the services and (v) the cost of comparable services in non-bankruptcy cases. *See In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 840 (3rd Cir. 1994).

13. Chapter 13 debtors' attorneys may be awarded fees pursuant to § 330(a)(4)(B), which allows **reasonable** fees for representing the interests of Chapter 13 debtors in connection with the bankruptcy case "based on consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." Attorney fees are subject to Court review for reasonableness irrespective of whether the debtor is in agreement with the fee amount. § 329(b); *In re Parilla*, 530 B.R. 1, 10 (Bankr. D.P.R. 2015).

14. The Third Circuit has noted that "[d]isagreeable as the chore may be, the bankruptcy court must protect the estate, lest overreaching attorneys or other professionals drain it of wealth which by right should inure to the benefit of unsecured creditors." *Busy Beaver,* 19 F.3d at 844 (citation omitted).

15. The "court shall not allow compensation for (i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." § 330(a)(4)(A).

16. Under Bankruptcy Rule 2017(b), the Court "may determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive . . .." Fed. R. Bankr. P. 2017(b).

17. The applicant bears the burden of proving that the fees and expenses sought are reasonable and necessary. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 261 (3rd Cir. 1995). "When the issues are not complex and the process is straightforward, an attorney is

3

Case 1:21-bk-01678-HWV    Doc 130    Filed 03/20/25    Entered 03/20/25 12:20:04    Desc
Main Document    Page 3 of 8

expected to exercise 'billing judgment' and is encouraged to reduce its customary fees in appropriate circumstances to reflect a less substantial expenditure of the attorney's time." *In re Parilla*, 530 B.R. 1, 13 (Bankr. D.P.R. 2015) (quoting *In re Thorn*, 192 B.R. 52, 56 (Bankr. N.D.N.Y. 1984).

18. "Excessive attorney's fees should not be awarded where such award contravenes the purposes of Chapter 13." *In re Tcherneva*, 638 B.R. 676 (Bankr. E.D.N.Y. 2022).

19. The Court must conduct an objective inquiry based upon what services a reasonable lawyer or law firm would have performed in the same circumstances. *In re Fleming Companies, Inc.*, 304 B.R. 85, 89-90 (Bankr. D. Del. 2003). A "judge's experience with fee petitions and his or her expert judgment pertaining to appropriate billing practices, bounded on an understanding of the legal profession, will be the starting point for any analysis." *Id.* (citing *Busy Beaver*, 19 F.3d at 854). When making its consideration, the Court is not required to make a line-by-line analysis of the fee application, and a sampling will suffice. *See*, e.g., *In re Maruko, Inc.*, 160 B.R. 633, 642 (Bankr. S.D. Cal. 1993). Since "its time is precious, the reviewing Court need only correct reasonable discernible abuses, not pin down to the nearest dollar the precise fee to which the professional is ideally entitled." *Busy Beaver*, 19 F.3d 833 at 844-845; *see* also *In re Strauss*, No. 21-00995-MJC (Bankr. M.D. Pa. Mar. 31, 2023).

20. The Court may use a percentage deduction as a practical means of "trimming fat from a fee application" if the Court determines that some of the time claimed by a party should be excluded. *In re Nicholas*, 496 B.R 69, 76 (Bankr. E.D.N.Y. 2011). *See* also *In re Old Summit Mfg., LLC*, 323 BR. 154, 162-163 (Banr. MD. Pa. 2004) (50% reduction); *In re Sullivan,* 674 F.3d 65 (1st Cir. 2012); *In re Claudio*, 459 B.R. 500 (Bankr. D. Mass. 2011); *In re Spillman Dev. Grp., Ltd.,* 376 B.R. 543 (Bankr. W.D. Tex. 2007).

21. Judge France previously stated "[a] bankruptcy court must balance adequately compensating attorneys in order to encourage competent counsel to represent bankruptcy debtors with insuring that the costs of administration do not consume assets that otherwise would be available to creditors. In making a fee determination, the court must take into consideration whether the professional exercised "reasonable billing judgment." *In re Fontaine*, 2015 WL 5162557, at *3 (Bankr. M.D Pa. 2015).

22. Finally, with regard to defending fee applications, the Supreme Court has been clear in stating: "Section 330(a)(1) itself does not authorize the award of fees for defending a fee application, and that is the end of the matter." *Baker Botts LLP v. Asarco LLC*, 135 S. Ct. 2158, 2169 (2015).

### Analysis and Facts Specific to the Present Fee Application

23. Objectant believes, and therefore avers, that the fees requested underfund the Plan by approximately $375.00. This runs contrary to § 1325(a)(6), and LR 2016-2(a), which provide that the Debtors must be able to make all payments in the Plan, and comply with the Plan, unless otherwise approved by the Court.

24. Accordingly, Objectant believes, and therefore avers, that the Third Fee Application is not reasonable for the following reasons:

   a. On July 15, 2024, Applicant billed .70 hours in the amount of $140.00 for "…Several e-mail exchanges with Trustee's office working toward a resolution of fee app objections due to underfunding in Plan; E-mail instructions to Paralegal Brayboy regarding logistics/registration; Revise and file proposed Order[.]" Although the time entry said "Do Not Bill," the entry was billed anyway. Applicant's fees for defending their Second Application for Interim

Compensation and Reimbursement of Expenses amounts to self-perpetuating legal fees, which Objectant believes, and therefore avers, is unreasonable. Accordingly, this should not be billable to the Debtors' bankruptcy estate.

b. On September 3, 2024, Applicant billed .40 hours in the amount of $96.00 for "Begin to prepare amended Schedules I and J – separate households (.3); Prepare and send instructions to Paralegal Brayboy on amendments needed and seeking updates/additional info (.1)[.]" On September 16, 2024, Applicant billed .30 hours in the amount of $72.00 for "Continue to draft amended Schedules I and J – separate household – and exchange e-mails with Trustee's office regarding same[.]" On September 24, 2024, Applicant's staff charged .30 hours in the amount of $39.00 for "Print and review paystubs from the client to amend Schedule I and Schedule J." On October 1, 2024, Applicant charged .90 hours in the amount of $216.00 for "Begin to review updated client provided info. and calculate updated pay (.4); Continue to prepare Amended Schedules I and J (.2); Finalize and exchange e-mails with client and Paralegal Brayboy discussing updates (.2); Instructions on filing and additional e-mail exchanges (.1)[.]" Applicant and their staff collectively charged approximately 1.9 hours for preparation of amended Schedules I and J, sometimes duplicating tasks, which is excessive relative to the complexity of the task. Accordingly, these time entries should be reduced by $250.00.

6

WHEREFORE, your Trustee respectfully requests this Honorable Court to set a hearing on the Application and, after hearing, appropriately adjust Applicant's request for compensation.

                    Respectfully submitted,

                    Jack N. Zaharopoulos
                    Standing Chapter 13 Trustee
                    8125 Adams Drive, Suite A
                    Hummelstown, PA 17036
                    (717) 566-6097

BY:    /s/ Douglas R. Roeder, Esquire____
           Attorney for Trustee

7

Case 1:21-bk-01678-HWV    Doc 130    Filed 03/20/25    Entered 03/20/25 12:20:04    Desc
Main Document    Page 7 of 8

## CERTIFICATE OF SERVICE

AND NOW, this 20th day of March 2025, I, hereby certify that I served a copy of this Objection either electronically or by depositing the same in the United States Mail, at Hummelstown, Pennsylvania, postage prepaid, first-class, addressed to the following:

E. Haley Rohrbaugh, Esquire
CGA Law Firm, P.C.
135 North George Street
York, PA 17401

/s/ Derek M. Strouphauer, Paralegal
Office of the Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097